1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| H.B., by and through his guardian ad litem BRANDON BUSSEY,<br><br>               Plaintiff,<br><br>vs.<br><br>THE CHURCH OF THE LATTER-DAY SAINTS, PAYDAN BUSSEY, THAYNE LYMAN, PHILLIP BUSSEY, CATHY BUSSEY, and DOES 1-100, INCLUSIVE,<br><br>               Defendants. | **COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT 18 U.S.C. § 1591 AND 1595(a)**<br>**2. VIOLATION OF STATUTE 18 U.S.C. § 2421**<br>**3. VIOLATION OF STATUTE 18 U.S.C. § 2422**<br>**4. VIOLATION OF STATUTE 18 U.S.C. § 2423(a)**<br>**5. VIOLATION OF STATUTE 18 U.S.C. § 2423(b)**<br>**6. VIOLATION OF STATUTE 18 U.S.C. § 2423(c)**<br>**7. VIOLATION OF STATUTE 18 U.S.C. § 2423 (d)**<br>**8. VIOLATION OF STATUTE 18 U.S.C. § 2423 (e)**<br>**9. NEGLIGENCE**<br>**10. SEXUAL ASSAULT OF A MINOR**<br>**11. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**JURY DEMAND** |

21

**COMES NOW**, Plaintiff H.B., by and through his attorneys, Rogers & Cover, PLLC,

22

and hereby complains and alleges against Defendants THE CHURCH OF THE LATTER-DAY

23

SAINTS (a corporation), PAYDAN BUSSEY (an individual), PHILLIP BUSSEY (an

24

individual), CATHY BUSSEY (an individual), THAYNE LYMAN (an individual), and DOES 1 through 100, inclusive ("Defendants") as follows:

## **INTRODUCTION**

1.     Defendant Paydan Bussey ("BUSSEY" or "PERPETRATOR") had a history of sexual abuse before abusing H.B. ("H.B.," or "PLAINTIFF").

2.     Defendant Phillip Bussey ("PHILLIP") was a high ranking member of THE CHURCH OF THE LATTER-DAY SAINTS, in the Duthie Hill ward in Washington from 2010.

3.     In 2012, while living in the Seattle area of Washington, BUSSEY was investigated by police for allegations of sexual abuse relating to an incident at a swim meet. He was later charged and convicted. As a result, he was required to register as a sex offender.

4.     In late 2014, when living in Washington BUSSEY molested then infant, H.B.

5.     In January 2015, while he was still a registered sex offender in both Washington and Utah, BUSSEY met with Bishop Thayne Lyman ("LYMAN") to become ordained into the priesthood. In order to become ordained, BUSSEY would have had to confess his history of sexually abusing minors to LYMAN.

6.     THE CHURCH OF THE LATTER-DAY SAINTS ("L.D.S. CHURCH") was on notice of BUSSEY's previous predatory behavior and still allowed BUSSEY to play with, and be around, other children unsupervised. BUSSEY also continued to reside with PHILLIP and Defendant Cathy Bussey ("CATHY") in their home, where they continued to open their home to members of the L.D.S. CHURCH, including young children who were coming to receive blessings from PHILLIP in his role as a leader within the L.D.S. CHURCH.

7.     In early 2018, PHILLIP was called to be a Mission President, along with his wife CATHY, in Madrid, Spain.

8.      When in Madrid, PHILLIP and CATHY were residing at a home that was owned by the L.D.S. CHURCH.  It was a mission home where PHILLIP and CATHY were staying as a part of their leadership roles within the L.D.S. CHURCH. Missionaries were often in and out of the home, and PHILLIP and CATHY used the property as a way to further the goal and mission of the L.D.S. CHURCH.

9.      In December 2019, PHILLIP and CATHY invited H.B., his family, and BUSSEY, to visit their home in Madrid, to see their Mission work, and spend Christmas and New Year with them. All the tickets were purchased and paid for by the L.D.S. CHURCH.

10.     While in Madrid, BUSSEY began grooming H.B., for further sexual abuse, and sexually abusing him. BUSSEY began to touch H.B. inappropriately, fondling him over his clothes.

11.     After the abuse took place in Madrid, BUSSEY began texting H.B. individually, teaching him how to delete his text messages, so that H.B.'s parents did not learn of the grooming behavior and abuse.

12.     In 2020, while BUSSEY was attending school in Utah, he would often come and visit H.B. and his family at their home in Utah. PERPETRATOR would come to stay for the weekend, sometimes PHILLIP and CATHY coordinated the stays, despite their knowledge of his history of sexually abusing young children.

13.     During his visits from early 2020 through the summer of 2020, BUSSEY would sexually abuse PLAINTIFF. The abuse escalated from fondling over the clothes to fondling H.B. while both BUSSEY and H.B. were naked and making H.B. fondle BUSSEY while both BUSSEY and H.B. were naked. The abuse continued to escalate until BUSSEY began to coerce H.B. into orally copulating him and performing oral copulation on PLAINTIFF.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

14.     In May 2023, PERPETRATOR sexually abused H.B. when he was 8 years old. While staying at H.B.'s home, BUSSEY required H.B. to perform oral copulation on him before BUSSEY then performed oral copulation on H.B. BUSSEY took photos of these interactions and told H.B. that he was going to send them to a friend. During one of these instances, BUSSEY had restrained and pinned down H.B. while they were in a blanket fort. As a result of this abuse, BUSSEY is facing criminal charges in Utah: three counts of sodomy on a child, one count of kidnapping of a child, and sexual abuse of a child.

## JURISDICTION AND VENUE

15.     The Court properly has subject matter jurisdiction to hear civil claims brought pursuant to 18 U.S.C. §§ 1595 and 2255.

16.     Venue in this Court is proper pursuant to 28 § U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendants are subject to personal jurisdiction in this District.

17.     Jurisdiction and venue in this country and division is proper because substantial parts of the events giving rise to the following causes of action, which are described below, occurred in Washington. Venue is proper because substantial parts of the damage caused to PLAINTIFF as herein alleged occurred in Bothell, Washington.

## THE PARTIES

18.     Plaintiff H.B. is 10 years old. PLAINTIFF resided in Bothell, Washington beginning in 2014. PLAINTIFF then moved to Utah. As a minor PLAINTIFF was the victim of unlawful sexual assault and molestation by BUSSEY.

19.     THE CHURCH OF THE LATTER-DAY SAINTS ("L.D.S. CHURCH"), is and was at all relevant times herein mentioned, the religious entity, located at 26529 Southeast Duthie Hill Road, Issaquah, State of Washington, 98029.  L.D.S. CHURCH is a corporation

ROGERS & COVER, PLLC
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1   duly organized and operating pursuant to the laws of the State of Utah. L.D.S. CHURCH

2   operates meeting houses, congregations, and temples within the state of Washington. L.D.S.

3   CHURCH does business and conducts continuous and systemic activities in Washington. The

4   L.D.S. CHURCH's principal place of business is 50 East North Temple, Floor 20, Salt Lake

5   City, State of Utah 84150. The L.D.S. CHURCH is registered to do business in California, and

6   the presiding Bishop serves at the pleasure of and subject to the direct and absolute control of

7   L.D.S. CHURCH. L.D.S. CHURCH is divided into wards, stakes and areas.

8       20.    Defendant PAYDEN BUSSEY ("BUSSEY"), at all relevant times, was a

9   Washington resident, and was a member of L.D.S. CHURCH.

10      21.    Defendant PHILIP BUSSEY ("PHILIP"), at all relevant times was a

11  Washington resident, and was a leader, and member, of L.D.S. CHURCH.

12      22.    Defendant CATHY BUSSEY ("CATHY"), at all relevant times was a

13  Washington resident, and was a member of the L.D.S. CHURCH.

14      23.    Defendant THAYNE LYMAN ("LYMAN"), at all relevant times was a

15  Washington resident, and was a member of the L.D.S. CHURCH.

16      24.    The Defendants each assumed responsibility for the well-being of L.D.S.

17  CHURCH members, whether as clergy or volunteers appointed by L.D.S. CHURCH. In their

18  capacities as Bishop, and other positions such as Stake President, Relief Society President,

19  Mission President, Stake Patriarch, visiting teacher, Sunday School and Primary School

20  teacher, the individual Defendants were held out by the Church as its agents and placed in

21  positions of responsibility and authority over L.D.S. CHURCH members. As a result, they each

22  had a special relationship with members of the congregation, including the minor PLAINTIFF.

23  This relationship gave rise to a duty to protect members of the congregation, including the

24  minor PLAINTIFF, from a foreseeable risk of harm. At all relevant times, L.D.S. CHURCH

assumed special responsibilities towards its members, including having a disciplinary and red flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent child members from the harm they might inflict.

25.    L.D.S. CHURCH's income comes from member tithes which are turned over to the L.D.S. CHURCH for investment and other uses, including support of the administrative expenditures of the L.D.S. CHURCH's wards, stakes, and areas. The L.D.S. CHURCH does not provide information about their finances to their members or the public. Upon information and belief, L.D.S. CHURCH receives more than seven (7) billion dollars a year in tithing from its members. Upon information reported publicly in the media, L.D.S. CHURCH owns financial assets and real estate in excess of 200 billion dollars.

26.    The true names and capacities, whether individual, plural, corporate partnership, associate or otherwise, of Defendants DOES 1-100, inclusive, are unknown to PLAINTIFF H.B. at this time, who therefore sues said Defendants by such fictious names. PLAINTIFF is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings alleged hereinafter.  PLAINTIFF further alleges that the acts and omissions of said Defendants were the legal cause of the injury to PLAINTIFF and the resulting injury and damages to PLAINTIFF H.B. PLAINTIFF will amend this Complaint to assert true names and/or capacities of such fictitiously named Defendants when they have been ascertained.

27.    PLAINTIFF is informed and believes and thereupon alleges that, at all times mentioned herein, Defendants were the agents, servants, employees, successors-in-interest and/or joint ventures of their co-defendants and were as such acting within the purpose, course,

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1   scope and/or authority of said agency, employment, successor-in-interest and/or joint venture

2   and that each and every Defendant as aforesaid was acting as principal and was negligent in

3   the selection and hiring and retention of each and every Defendant as an agent, employee,

4   successor-in-interest, and/or joint venture.

5       28.    All of the acts, conduct and nonfeasance herein carried out by each and every

6   representative, employee and/or agent of each and every corporate business Defendant, and

7   was authorized, ordered, and directed by their respective Defendant's corporate or business

8   employers, officers, directors and/or managing agents; that in addition thereto, said corporate

9   or business employers, officers, directors and/or managing agents had advanced knowledge of,

10  authorized and participated in the herein described acts, conduct and nonfeasance of their

11  representatives, employees, agents and each of them; and in addition thereto, upon the

12  completion of aforesaid acts, conduct and nonfeasance of the employees and agents, the

13  aforesaid corporate and business employers, officers, directors and/or managing agents,

14  respectively ratified, accepted to the benefits of, condoned and approved of each and all said

15  acts, conduct or nonfeasance of their co-employees and/or agents.

16                          **STATUTE OF LIMITATIONS**

17      29.    Federal cause of action one is timely brought pursuant to 18 U.S.C. § 1595,

18  subdivision (a)-(c) and any other applicable statute. The misconduct against PLAINTIFF

19  began in 2014 and continued through 2023, during which, at all times, PLAINTIFF was a

20  minor child under the age of 18. At the time of filing this complaint PLAINTIFF H.B. is 10

21  years old, thus within the statute of limitations for sexual abuse as outlined in 18 U.S.C.

22  §1595(a)-(c). As such, PLAINTIFF's complaint is timely.

23      30.    Furthermore, federal causes of actions one through eight are timely brought

24  pursuant to 18 U.S.C. § 2255(b) and any other applicable statute. 18 U.S.C. § 2255(b) states

COMPLAINT FOR DAMAGES
- 1 –

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    that there shall be no time limit for the filing of a complaint commencing under the section.

2    As such, PLAINTIFF's complaint is timely.

3         31.    State law causes of action nine through eleven are timely brought pursuant to

4    Revised Code of Washington ("RCW") § 4.16.340(1), subdivision (a)-(c) and any other

5    applicable statute. The misconduct against PLAINTIFF began in 2014 and continued through

6    2023, during which, at all times, PLAINTIFF was a minor child under the age of 18. At the

7    time of filing this complaint PLAINTIFF H.B. is 10 years old, thus within the statute of

8    limitations for child sexual abuse as outlined in RCW § 4.16.340(1)(a)-(c). As such,

9    PLAINTIFF's complaint is timely.

10    ## FACTUAL ALLEGATIONS

11    **(Common to All Causes of Action)**

12         32.    Defendant Paydan Bussey ("BUSSEY" or "PERPETRATOR") had a history of

13    sexual abuse before abusing H.B. ("H.B." or "PLAINTIFF").

14         33.    In 2010, Phillip Bussey ("PHILLIP") was called to be a part of the Area Seventy.

15    Prior to 2010, PHILLIP had been serving as President of the Bellevue Washington Stake. Prior

16    to that, PHILLIP had been a Bishop in the Duthie Hill Ward and Stake Mission President.

17         34.    In 2012, while living in the Seattle area of Washington, BUSSEY was

18    investigated by police for allegations of sexual abuse relating to an incident at a swim meet. He

19    was later charged and convicted. As a result of his conviction BUSSEY was required to go to

20    therapy, put on probation, and required to register as a sex offender.

21         35.    In late 2014, when living in Washington, BUSSEY molested, then infant, H.B.

22         36.    In late 2014, or early 2015, Cathy Bussey ("CATHY") and PHILLIP, informed

23    H.B.'s father that BUSSEY had inappropriately touched H.B. but did not provide more

24

COMPLAINT FOR DAMAGES
- 1 –

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    information and indicated that it was a one-time mistake BUSSEY made while going through

2    a phase of confusion.

3         37.    During the period when BUSSEY first abused H.B., as an infant, the abuse took

4    place in PHILLIP and CATHY's home in Bothell, Washington. During this time, H.B. was left

5    in PHILLIP and CATHY's care, PHILLIP and CATHY then left H.B. unsupervised with

6    BUSSEY in their home, despite knowing of his history of sexually abusing minors.

7         38.    While still on probation in Washington, CATHY and PHILLIP sent BUSSEY

8    to a residential treatment program in Utah, that was staffed by members of the L.D.S.

9    CHURCH. BUSSEY also began attending school in Utah. As a result of his moving to attend

10   school while still under the registration requirement for his Washington conviction, BUSSEY

11   was also required to register as a sex offender in Utah.

12        39.    In January 2015, while he was still a registered sex offender in both Washington

13   and Utah, BUSSEY met with Bishop Thayne Lyman ("LYMAN") to become ordained into the

14   priesthood. In order to become ordained, BUSSEY would have had to confess his history of

15   sexually abusing minors to LYMAN.

16        40.    During this time, when BUSSEY was on probation, PHILLIP was a member of

17   the Seventy in L.D.S. CHURCH. The Seventy are the layer between the local L.D.S. CHURCH

18   administration and the general L.D.S. CHURCH administration. CATHY and PHILLIP had

19   been in communication with senior leadership in L.D.S. CHURCH members in the first or

20   second quorum of the Seventy. CATHY and PHILLIP consulted with these leaders in the

21   L.D.S. CHURCH about BUSSEY's conduct, as well as his criminal case and how to proceed.

22   In fact, BUSSEY's criminal conviction, probation, and registration requirements were active

23   barriers to PHILLIP pursuing his calling of Mission President in Spain. PHILLIP was not able

24

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    to go to Madrid to fulfill his calling as Mission President until BUSSEY's criminal case and

2    his requirements were all resolved.

3        41.    After the two years of BUSSEY's registration requirement had passed, and per

4    Washington's legislation for minor offenders, BUSSEY was eligible for his registration

5    requirement to be removed and for his case to be sealed. PHILLIP and CATHY hired an

6    attorney who helped petition to get BUSSEY removed from the Washington sex offender

7    registry list, and to get his case sealed. Once they had succeeded in doing so in late 2017,

8    PHILLIP and CATHY then worked tirelessly to get BUSSEY removed from the Utah sex

9    offender registry and were successfully able to get him removed shortly after.

10        42.    Upon information and belief, L.D.S. CHURCH failed to investigate or

11    excommunicate BUSSEY in relation to the allegations of sexual abuse brought to them by

12    CATHY and PHILLIP and the criminal charges against him for abusing PLAINTIFF, and his

13    other victims.

14        43.    L.D.S. CHURCH was on notice of BUSSEY's previous predatory behavior and

15    still allowed BUSSEY to play with, and be around, other children unsupervised. BUSSEY also

16    continued to reside with CATHY and PHILLIP in their home, where they continued to open

17    their home to members of the L.D.S. CHURCH, including young children who were coming

18    to receive blessings from PHILLIP in his leadership role in the L.D.S. CHURCH.

19        44.    In early 2018, PHILLIP was called to be a Mission President, along with this

20    wife CATHY, in Madrid. Prior to being called into this role, CATHY had been a ward Relief

21    Society President.

22        45.    When in Madrid, PHILLIP and CATHY were staying at a home that was owned

23    by the L.D.S. CHURCH, which was a mission home where PHILLIP and CATHY were

24    residing as a part of their leadership roles within the L.D.S. CHURCH. Missionaries were often

COMPLAINT FOR DAMAGES
- 1 –

1    in and out of the home, and PHILLIP and CATHY used the property as a way to further the

2    goal and mission of the L.D.S. CHURCH.

3        46.    In December, 2019, PHILLIP and CATHY invited H.B., his family, and

4    BUSSEY, to visit their home in Madrid, to see their Mission work, and spend Christmas and

5    New Years with them. All the tickets were purchased and paid for by the L.D.S. CHURCH.

6        47.    While in Madrid, BUSSEY began grooming H.B., for further sexual abuse, and

7    sexually abusing him. BUSSEY began to touch H.B. inappropriately, fondling him over his

8    clothes.

9        48.    After the sexual abuse took place in Madrid, BUSSEY began texting H.B.,

10   individually, teaching him how to delete his text messages, so that H.B.'s parents did not learn

11   of the grooming behavior and abuse.

12       49.    In 2020, while BUSSEY was attending school in Utah, he would often come

13   and visit H.B. and his family at their home in Utah. PERPETRATOR would come stay for the

14   weekend, PHILLIP and CATHY sometimes coordinated these stays, despite their knowledge

15   of his history of sexually abusing young children, including PLAINTIFF.

16       50.    When he came to visit, PERPETRATOR would often get gifts and trinkets for

17   both H.B. and his sister.  In order to throw off suspicion of his gifts to PLAINTIFF BUSSEY

18   would also purchase sheets and blankets for the purpose of creating blanket forts to play with

19   H.B. All of these items were paid for by PHILLIP and CATHY via the L.D.S. CHURCH, as

20   BUSSEY did not have a steady source of income.

21       51.    During his visits from early 2020 through summer of 2020, BUSSEY would

22   sexually abuse H.B. The sexual abuse escalated from fondling over the clothes, to fondling

23   H.B. when he was naked, and making H.B. fondle him when he was naked. The sexual abuse

24

COMPLAINT FOR DAMAGES
- 1 –

continued to escalate, until BUSSEY began to coerce H.B. into orally copulating him and performing oral copulation on PLAINTIFF.

52.    The oral copulation often times took place in the blanket forts that BUSSEY would make with PLAINTIFF, using sheets and items he had purchased for the purpose of creating the forts.

53.    In May 2023, PERPETRATOR sexually abused H.B. when he was 8 years old. While staying at H.B.'s home, BUSSEY required H.B. to perform oral copulation on him before BUSSEY then performed oral copulation on H.B. BUSSEY took photos of these interactions and told H.B. that he was going to send them to a friend. During one of these instances BUSSEY had restrained and pinned down H.B. while they were in a blanket fort. As a result of this sexual abuse, BUSSEY is facing criminal charges in Utah: three counts of sodomy on a child, one count of kidnapping of a child, and sexual abuse of a child.

54.    L.D.S. CHURCH hid BUSSEY's predatory behavior and history, in order to seek favor with his family. At the time BUSSEY was first charged with child sexual abuse, PHILLIP was a member of the Seventy, which holds a high level of authority within the L.D.S. CHURCH. When PERPETRATOR sexually abused PLAINTIFF in summer of 2023, PHILLIP had been elevated to the position of Stake Patriarch within L.D.S. CHURCH.

55.    The repeated incidents of sexual abuse and continued exposure to his abuser caused PLAINTIFF pain and suffering, both physically as a result of the assaults and molestation, as well as psychologically.

56.    PLAINTIFF is informed and believes and thereupon alleges, that, at all times herein mentioned, Defendants knew or should have known that PERPETRATOR was abusing minor PLAINTIFF, and that Defendants failed to take reasonable steps to protect him.

COMPLAINT FOR DAMAGES
- 1 –

57.     L.D.S. CHURCH maintains a pattern and practice of concealing sexual abuse from the authorities and its members as to the threat its clergy members pose. Additionally, L.D.S. CHURCH maintains a pattern and practice of signaling to its members that they should conceal and/or fail to report sexual abuse as to keep "the Church from being inappropriately implicated in legal matters" *See President Russell M. Nelson Letter* (August 4, 2021). Through this policy of concealment, L.D.S. CHURCH ratifies abusive conduct, perpetuating a culture of concealment and encouraging a lack of cooperation among Church members with law enforcement.

58.     The Stake President and Bishops Handbook states as follows: "[i]n instances of abuse, the first responsibility of the Church is to assist those who have been abused, and to protect those who may be vulnerable to future abuse." In conjunction with this doctrine, Utah's Supreme Court has characterized the Helpline as, "a 1-800 number that bishops and other Church clergy can call when they become aware of possible abuse. The Help Line is available 24 hours a day, 365 days as year and is staffed by legal and counseling professionals who 'provide guidance to the bishop in how to protect the [victim] from further abuse, and how to deal with the complex emotional, psychological, and legal issues that must be addressed in order to protect the victim.'" *MacGregor v. Walker*, 2014 UT 2 ¶2,322 P.3d 706,707 (2014) [internal citation omitted in original].

59.     In reality, L.D.S. CHURCH staffs the Helpline with attorneys of Kirton McConkie, one of the largest law firms in the State of Utah. Rather than notifying law enforcement or other government authorities when Bishops and other L.D.S. CHURCH clergy members call the Helpline regarding sexual abuse within L.D.S. CHURCH, Helpline operators transfer these calls to the Kirton McConkie attorneys, who advise the Bishop not to report the abuse incident to law enforcement, misrepresenting clergy-penitent privilege laws as their

1    reasoning.

2    60.    In other words, L.D.S. CHURCH uses the Helpline to allow Bishops direct

3    contact to Kirton McConkie in order to get ahead of claims and avoid costly lawsuits against

4    L.D.S. CHURCH. This is directly contradictory to what L.D.S. CHURCH states the Helpline

5    is supposed to do, which is offer advice to high level members of L.D.S. CHURCH to protect

6    victims from further abuse and deal with the harms arising from the abuse that already occurred.

7    This is consistent with the instructions laid out in President Russell M. Nelson's Letter, dated

8    August 4, 2020, encouraging congregants to avoid cooperating with authorities asking for

9    information about abuse.

10    61.    L.D.S. CHURCH's actions, practices, and customs encompass a culture that

11    prioritizes protecting predators, and the financial interests of L.D.S. CHURCH, over protecting

12    innocent victims of sexual abuse. L.D.S. CHURCH did not report any sexual abuse, nor did

13    they warn or protect children from sexual abuse they knew or should have known that its

14    perpetrators, including BUSSEY, committed. Instead, L.D.S. CHURCH continued to allow its

15    perpetrators, including BUSSEY, continued access to young children. Upon information and

16    belief, BUSSEY was never excommunicated from L.D.S. CHURCH, despite being criminally

17    convicted of sexually abusing another minor at a later date. In not excommunicating BUSSEY

18    upon the first allegation and suspicion of abuse, L.D.S. CHURCH had placed PLAINTIFF and

19    other young boys in the L.D.S. CHURCH community at risk of harm from BUSSEY.

20    62.    L.D.S. CHURCH's actions embody a culture that protects sexual predators,

21    rather than innocent and vulnerable children. L.D.S. CHURCH handled the allegations

22    internally as a "matter of sin" and not one leader  reported  any  matter to the police.  Instead,

23    L.D.S. CHURCH,  its  bishops,  and  personnel,  allowed its perpetrators, including BUSSEY,

24    to continue completely unhindered and protected even in their predatory conduct. L.D.S.

1    CHURCH, its agents, and employees, including bishops, counsellors, or personnel mentioned

2    herein, DOES 1-100, and each of them, acted to protect the heinous and unforgiveable acts

3    of its clergy members, its perpetrators, including BUSSEY, and in such action taken

4    against PLAINTIFF's innocence and vulnerabilities, was careless, reckless, negligent,

5    consciously disregarding a minor's rights, and failed to protect him.

6        63.    Upon information and belief, at all times herein mentioned Defendants, L.D.S.

7    CHURCH, PHILLIP, CATHY, LYMAN, BUSSEY and DOES 1-100, (1) knew

8    PERPETRATOR was a sexual predator; (2) knew that PERPETRATOR was sexually abusing

9    at least one minor child associated with L.D.S. CHURCH; and (3) knew that PERPETRATOR

10   presented a risk of imminent harm to young members, including H.B., of L.D.S. CHURCH.

11                        **FIRST CAUSE OF ACTION**

12        **VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT**

13                **Codified 18 U.S.C. § 1591 AND 1595(a)**

14            **(PLAINTIFF Against All DEFENDANTS and DOES 1-100)**

15                        *Perpetrator Liability*

16        64.    PLAINTIFF re-alleges and incorporates by reference herein each allegation

17   contained herein above as though fully set forth and brought in this cause of action.

18        65.    An individual who is a victim of a violation of 18 U.S.C. § 1591 may bring a

19   civil action against their perpetrator under 18 U.S.C. §§ 1595 and 2255.

20        66.    18 U.S.C. § 1591 defines sex trafficking, with respect to the perpetrator, as the

21   act of recruiting, enticing, harboring, providing, obtaining, advertising, maintaining,

22   patronizing, or soliciting by any means a person knowing, or in reckless disregard of the fact,

23   that means of force, threats of force, fraud, coercion, or any combination of such means will be

24   used to cause the person to engage in a commercial sex act.

67.     Coercion is defined as "threats of serious harm to or physical restraint against any person; any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or the abuse or threatened abuse of law or the legal process."

68.     A commercial sex act is any sex act on account of which anything of value is given or received by any person. The term "anything of value" is construed liberally by courts, and the value is subjectively determined according to the party giving or receiving the item.

69.     Plaintiffs must only show the trafficking had a *de minimis* effect on interstate commerce.

70.     Defendants L.D.S. CHURCH, PHILLIP, and CATHY recruited (by identifying H.B, and his parents as having a child of the correct target age, being susceptible to manipulation because of the familial ties, and thus vulnerable to requests to support BUSSEY and L.D.S. CHURCH via PHILLIP and CATHY's dedication to the church), and obtained (by providing BUSSEY with the necessary atmosphere, access, and resources, to isolate H.B. and sexually abuse him) H.B. with the intent for BUSSEY to perform sex acts.

71.     BUSSEY further enticed (by offering gifts and playtime) and harbored (by physically secluding and trapping minor PLAINTIFF in the blanket fort during sexual acts) PLAINTIFF in order to make him engage in unlawful sex acts.

72.     BUSSEY further coerced PLAINTIFF by causing him to believe that he would be at risk of serious harm if he did not perform commercial sex acts for BUSSEY.

73.     Thus, BUSSEY engaged in acts that constituted a threat of force or coercion to cause minor PLAINTIFF to engage in a commercial sex act.

74.     H.B.'s trafficking had more than a *de minimis* effect on interstate commerce.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

75.    Thus, perpetrators BUSSEY, PHILLIP, and CATHY are liable pursuant to 18 U.S.C. § 1591(a)(1) and PLAINTIFF is entitled to bring this civil action against BUSSEY, PHILLIP, and CATHY pursuant to 18 U.S.C. § 1591(a).

76.    L.D.S. CHURCH knew that BUSSEY, PHILLIP, and CATHY targeted young children, who share the same demographics as H.B. and had a history of sexually abusing minors. L.D.S. CHURCH knew or recklessly disregarded the fact that unless BUSSEY was removed from having access to other children as potential victims, then more young children would be victimized. L.D.S. CHURCH maintained the dynamic of sexual exploitation and predatory behavior by BUSSEY against PLAINTIFF.  L.D.S. CHURCH further oversaw the assignment of PHILLIP to a high position in the church where he used his home, where BUSSEY resided, for performing religious blessings on young children who were in and out of the home. L.D.S. CHURCH further oversaw keeping BUSSEY's history of sexual abuse a secret, failing to disclose his history, as well as his required sex offender registration, ordaining him as a priest despite his history, and continuing to allow PHILLIP to use his home to perform blessings for the L.D.S. CHURCH in his home, in the presence of BUSSEY, a known sexual abuser. Furthermore, L.D.S. CHURCH paid to send BUSSEY, H.B., and his family to Madrid, on the L.D.S. CHURCH business, knowing the risk it posed to H.B.'s safety. In doing all of the above, L.D.S. CHURCH provided H.B. to BUSSEY for the performance of commercial sex acts.

### *Knowing Beneficiary Liability*

77.    Separate from perpetrator liability, 18 U.S.C. § 1591(a)(2) also holds persons or entities liable for sex trafficking who *knowingly benefit*, or attempt to conspire to benefit, financially or by receiving anything of value from participating in a venture, which that person knew or should have known has engaged in sex trafficking.

COMPLAINT FOR DAMAGES
- 1 –

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

78.    A venture is commonly understood as an undertaking involving risk which is established by two or more individuals and need not be a legal partnership.

79.    Participation in a venture means "knowingly assisting, supporting or facilitating a violation:" of the perpetrator liability under 18 U.S.C. § 1591 (a)(1).

80.    L.D.S. CHURCH, PHILLIP, CATHY, LYMAN, and DOES 1-100 engaged in a venture as follows:

    a.    L.D.S. CHURCH was aware that the Madrid Mission, and the Duthie Hill Ward, in Bellevue Washington Stake, would flourish, with growing membership, tithes and financial offerings, as long as it maintained its sterling reputation with its community. To safeguard this reputation and financial stability, L.D.S. CHURCH, through PHILLIP, CATHY, LYMAN, and DOES 1-100, concealed, covered up, denied, hid the abuse, and failed to report the child abuse. The cover-up and non-reporting of BUSSEY's wrongdoings against other young victims, left the door wide open for H.B. to be sexually abused by BUSSEY in the future;

    b.    In exchange for continued tithes and financial donations apart from tithing by PHILLIP and CATHY, to L.D.S. CHURCH and the ward, L.D.S. CHURCH, PHILLIP, CATHY, LYMAN, and DOES 1-100 hid, covered up, and concealed known sexual abuse by BUSSEY from the other congregants in the ward and the PLAINTIFF's family;

    c.    In exchange for continued free labor, including in positions of authority and leadership, such as Mission Stake

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

President, seminary teacher, temple sealer, Area Seventy, Stake President, Bishop, or similar services provided by PHILLIP, CATHY, and BUSSEY to L.D.S. CHURCH, L.D.S. CHURCH and DOES 1-100 hid, covered-up, and concealed known sexual abuse of BUSSEY's previous victims, and H.B. from the other congregants in the ward, law enforcement, and H.B.'s parents.

d.    L.D.S. CHURCH was aware of its liability in harboring a known predator, BUSSEY, with unfettered access to a pool of potential new victims in the Duthie Hill ward.

e.    L.D.S. CHURCH knew that its congregants becoming aware that there were sexual predators like BUSSEY, with a history of assaulting young children, unchecked within the congregation, would alarm, enrage and disenfranchise its members who would ultimately cease their financial commitments to L.D.S. CHURCH.

81.    Each of the above reciprocal transactions constitutes a venture between L.D.S. CHURCH, PHILLIP, CATHY, LYMAN, BUSSEY, and DOES 1-100. The trafficking venture involved economic risk in that if it were to have been discovered by the congregants of the ward, L.D.S. CHURCH would have lost significant tithes and other financial commitments it receives from its members due to their outrage.

82.    The venture also creates enormous financial benefits for L.D.S. CHURCH. L.D.S. CHURCH knows that the consequence of losing members is not limited to a few decades of one person's financial commitments. L.D.S. CHURCH knows that when members leave L.D.S. CHURCH and take their families with them, L.D.S. CHURCH loses future generations

COMPLAINT FOR DAMAGES
- 1 –

1  of financial commitments from that family line. Generations of L.D.S. CHURCH wealth is

2  forfeited every time a member leaves. The cascading effect looms large over all L.D.S.

3  CHURCH decisions such that it protects its reputation at all costs for the ultimate purpose of

4  protecting its wealth. That is to say that L.D.S. CHURCH benefits from participating in the

5  venture by preserving its wealth. Tragically, the perverse result is that when L.D.S. CHURCH

6  covers up and facilitates childhood sexual abuse, it is choosing money over its most vulnerable

7  members in need of the most protection.

8      83.    The trafficking venture involved aspects of physical risk that being caught

9  performing sex acts with a minor would have severe criminal consequences for PHILLIP,

10  CATHY, and BUSSEY, including the possibility of a long sentence in federal or state prison.

11      84.    The trafficking venture additionally involved moral risk. It is a universally

12  understood concept that trafficking a person is immoral. It is further accepted that trafficking

13  a child- having sexual relations with a child—is one of the gravest and most morally

14  despicable acts that a human being could commit. Therefore, PLAINTIFF need not rely on

15  L.D.S. CHURCH doctrine, or any religious doctrine, to explain the moral risk. There is an

16  extreme moral risk at play in the execution of L.D.S. CHURCH, PHILLIP, CATHY,

17  LYMAN, BUSSEY and DOES 1-100 sex trafficking venture.

18      85.    In addition to the financial benefits, L.D.S. CHURCH, LYMAN, PHILLIP,

19  CATHY, and DOES 1-100 also benefitted from the venture by preserving the reputation of

20  L.D.S. CHURCH, thereby preserving membership and attendance. Moreover, LYMAN and

21  PHILLIP additionally fortified their own reputations as effective leaders, which improved

22  their standing in the community and L.D.S. CHURCH.

23

24

COMPLAINT FOR DAMAGES
- 1 –

86.    As such, L.D.S. CHURCH, PHILLIP, CATHY, LYMAN, BUSSEY and DOES 1-100 are liable for sex trafficking as knowing beneficiaries pursuant to 18 U.S.C. § 1591(a)(2) and PLAINTIFF is entitled to bring his civil action pursuant to 18 U.S.C. § 1595(a).

87.    This action for child sex trafficking is brought pursuant to 18 U.S.C. § 1595(a) and 18 U.S.C. § 2255, which states that all actions for minor victims under this section shall have no limit.

88.    As a direct result of participating in a trafficking venture by L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, BUSSEY, and DOES 1-100, PLAINTIFF suffered physical and emotional harm. As a direct and proximate cause of the sex trafficking venture run by L.D.S. CHURCH, PHILLIP, CATHY, BUSSEY, and DOES 1-100, PLAINTIFF was left unsupervised with a known sexual abuser, BUSSEY. PLAINTIFF was repeatedly sexually abused by BUSSEY. L.D.S. CHURCH, PHILLIP, and CATHY provided financial support and procured PLAINTIFF for BUSSEY. L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, and DOES 1-100 also worked to conceal BUSSEY's activities to protect their own reputational and monetary interests. Without these actions, PLAINTIFF would not have fallen under the unsupervised supervision of BUSSEY, and if he were nonetheless sexually abused, his reports of the abuse would have been investigated. L.D.S. CHURCH, PHILLIP, CATHY, LYMAN, and DOES 1-100, not only placed PLAINTIFF in the position to be sexually abused but also engaged in a venture to conceal the abuse of PLAINTIFF on an ongoing basis. Each of these acts directly and proximately caused PLAINTIFF to be trafficked and thereby injured physically and emotionally.

89.    H.B. experienced physical, emotional and psychological injuries for which he is entitled to monetary damages and other relief.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    90.    L.D.S. CHURCH's actions amounted to malicious and oppressive conduct

2    because L.D.S. CHURCH knowingly harbored a known sexual predator and placed him in the

3    home of an elder within the L.D.S. CHURCH who regularly hosted young minors in his home

4    and gave him other places with unsupervised access to potential victim children. L.D.S.

5    CHURCH was in a position to prevent PLAINTIFF from being sexually abused but took

6    actions to facilitate numerous incidents of minor sexual abuse.

7    91.    The conduct of L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, BUSSEY, and

8    DOES 1-100 was an intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to

9    punitive damages.

10    **<u>SECOND CAUSE OF ACTION</u>**

11    **VIOLATION OF STATUTE 18 U.S.C. § 2421**

12    **(PLAINTIFF Against All DEFENDANTS and DOES 1-100)**

13    92.    PLAINTIFF re-alleges and incorporates by reference herein each allegation

14    contained herein above as though fully set forth and brought in this cause of action.

15    93.    An individual who was a child victim of a violation of 18 U.S.C. § 2421 may

16    bring a civil action against their perpetrator under 18 U.S.C. § 2255.

17    94.    18 U.S.C. § 2421(a) provides that whoever knowingly transports an individual

18    in interstate or foreign commerce, or in any territory or possession of the United States, with

19    intent that such individual engage in prostitution, or in any sexual activity for which a person

20    can be charged with a criminal offense, or attempts to do so, shall be in violation of the statute.

21    95.    Any sexual conduct involving a minor qualifies as sexual activity for which a

22    person can be charged with a criminal offense.

23

24

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    96.    Defendants L.D.S. CHURCH, PHILLIP, CATHY, and BUSSEY transported

2   PLAINTIFF, by purchasing and facilitating the international travel of both BUSSEY and H.B.

3   from Utah to Madrid, Spain.

4    97.    Defendant L.D.S. CHURCH paid for the flights BUSSEY and H.B. took to

5   travel internationally, impacting intrastate and foreign commerce. Defendant L.D.S. CHURCH

6   also owned the home in which PHILLIP and CATHY stayed in Madrid, where BUSSEY and

7   H.B. stayed, and where BUSSEY sexually abused PLAINTIFF. PHILLIP and CATHY were

8   in Madrid as part of their role within the L.D.S. CHURCH, during which time they planned to

9   bring PERPETRATOR and PLAINTIFF to visit.

10    98.    BUSSEY sexually abused PLAINTIFF on this trip, grooming him for further

11   abuse, and fondling him over his clothes.

12    99.    Defendants L.D.S. CHURCH, PHILLIP and CATHY had knowledge of

13   BUSSEY's history of sexual abuse, and that PLAINTIFF was within the correct target age of

14   BUSSEY's victims.

15    100.    Defendants L.D.S. CHURCH, PHILLIP, and CATHY's actions amounted to

16   having knowingly transported BUSSEY and PLAINTIFF to Madrid, with intent that BUSSEY

17   engage in sexual activity for which he could be charged with a criminal offence, which

18   PLAINTIFF was victim of.

19    101.    The conduct of L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, BUSSEY, and

20   DOES 1-100 was an intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to

21   punitive damages.

22                    **THIRD CAUSE OF ACTION**

23                **VIOLATION OF STATUTE 18 U.S.C. § 2422**

24             **(PLAINTIFF Against All DEFENDANTS and DOES 1-100)**

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

102.    PLAINTIFF re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

103.    An individual who was a child victim of a violation of 18 U.S.C. § 2422 may bring a civil action against their perpetrator under 18 U.S.C. § 2255.

104.    18 U.S.C. § 2422(a) provides that whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any territory or possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be in violation of the statute.

105.    Any sexual conduct involving a minor qualifies as sexual activity for which a person can be charged with a criminal offense.

106.    Defendants L.D.S. CHURCH, PHILLIP, and CATHY enticed BUSSEY, H.B. and H.B.'s parents to travel to Madrid, by purchasing the tickets for them and providing them with free accommodations.

107.    Defendants L.D.S. CHURCH, PHILLIP and CATHY had knowledge of BUSSEY's history of minor sexual abuse, that PLAINTIFF was within the correct target age of BUSSEY's victims.

108.    Defendants L.D.S. CHURCH, PHILLIP, and CATHY's actions amounted to having knowingly coerced BUSSEY and PLAINTIFF to travel to Madrid, with intent that BUSSEY engage in sexual activity for which he could be charged with a criminal offence, which PLAINTIFF was victim of.

109.    The conduct of L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, BUSSEY, and DOES 1-100 was an intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to punitive damages.

COMPLAINT FOR DAMAGES
- 1 –

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

## FOURTH CAUSE OF ACTION

### VIOLATION OF STATUTE 18 U.S.C. § 2423(a)

### (PLAINTIFF Against All DEFENDANTS and DOES 1-100)

110.    PLAINTIFF re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

111.    An individual who was a child victim of a violation of 18 U.S.C. § 2423 may bring a civil action against their perpetrator under 18 U.S.C. § 2255.

112.    18 U.S.C. § 2423(a) provides that a person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense is in violation of the statute.

113.    Any sexual conduct involving a minor qualifies as sexual activity for which a person can be charged with a criminal offense.

114.    Defendants L.D.S. CHURCH, PHILLIP, CATHY, and BUSSEY transported PLAINTIFF, by purchasing and facilitating the international travel of both BUSSEY and H.B. from Utah to Madrid, Spain.

115.    Defendant L.D.S. CHURCH paid for the flights BUSSEY and H.B. took to travel internationally, impacting intrastate and foreign commerce. Defendant L.D.S. CHURCH also owned the home in which PHILLIP and CATHY stayed in Madrid, where BUSSEY and H.B. stayed, and where BUSSEY sexually abused PLAINTIFF. PHILLIP and CATHY were in Madrid as part of their role within the L.D.S. CHURCH, during which time they planned to bring PERPETRATOR and PLAINTIFF to visit.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    116.    BUSSEY sexually abused PLAINTIFF on this trip, grooming him for further

2    abuse, and fondling him over his clothes.

3    117.    Defendants L.D.S. CHURCH, PHILLIP and CATHY had knowledge of

4    BUSSEY's history of minor sexual abuse, that PLAINTIFF was within the correct target age

5    of BUSSEY's victims.

6    118.    Defendants L.D.S. CHURCH, PHILLIP, and CATHY's actions amounted to

7    having knowingly transported BUSSEY and PLAITNIFF to Madrid, with intent that BUSSEY

8    engage in sexual activity for which he could be charged with a criminal offence, which

9    PLAINTIFF was victim of.

10    119.    The conduct of L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, BUSSEY, and

11    DOES 1-100 was intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to

12    punitive damages.

### FIFTH CAUSE OF ACTION

**VIOLATION OF STATUTE 18 U.S.C. § 2423(b)**

**(PLAINTIFF Against BUSSEY)**

16    120.    PLAINTIFF re-alleges and incorporates by reference herein each allegation

17    contained herein above as though fully set forth and brought in this cause of action.

18    121.    An individual who was a child victim of a violation of 18 U.S.C. § 2423 may

19    bring a civil action against their perpetrator under 18 U.S.C. § 2255.

20    122.    18 U.S.C. § 2423(b) provides that a person who travels in interstate commerce

21    or travels into the United States, or a United States citizen or an alien admitted for permanent

22    residence in the United States who travels in foreign commerce, with intent to engage in any

23    illicit sexual conduct with another person will be in violation of the statute.

24

COMPLAINT FOR DAMAGES
- 1 –

123.    18 U.S.C. § 2423(h) defines intent as any intention to engage in prostitution, sexually activity for which any person can be charged with a criminal offense, or illicit sexual conduct, as applicable at the time of the transportation or travel.

124.    18 U.S.C. § 2423(g) defines illicit sexual conduct as (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age; or (3) production of child pornography (as defined in section 2256(8)).

125.    A commercial sex act is any sex act on account of which anything of value is given or received by any person. The term "anything of value" is construed liberally by courts, and the value is subjectively determined according to the party giving or receiving the item.

126.    Defendant BUSSEY traveled in foreign commerce, from the United States to Madrid, with the intention of engaging in a commercial sex act. H.B., and his family, had been offered free flights to Madrid, as well as free accommodations. BUSSEY also gifted H.B. with trinkets with the intent for him to entice PLAINTIFF to perform sex acts. In doing all the above, BUSSEY traveled in foreign commerce, and provided PLAINTIFF with a benefit for the performance of commercial sex acts.

127.    BUSSEY's conduct was an intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to punitive damages.

## SIXTH CAUSE OF ACTION

### VIOLATION OF STATUTE 18 U.S.C. § 2423(c)

### (PLAINTIFF Against BUSSEY)

128.    PLAINTIFF re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

COMPLAINT FOR DAMAGES
- 1 –

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

1    129.    An individual who was a child victim of a violation of 18 U.S.C. § 2423 may

2    bring a civil action against their perpetrator under 18 U.S.C. § 2255.

3    130.    18 U.S.C. § 2423(c) provides that any United States citizen or alien or admitted

4    for permanent residence who travels in foreign commerce or resides, either temporarily or

5    permanently, in a foreign country, and engages in any illicit sexual conduct with another person

6    shall be in violation of this statute.

7    131.    18 U.S.C. § 2423(g) defines illicit sexual conduct as (1) a sexual act (as defined

8    in section 2246) with a person under 18 years of age that would be in violation of chapter 109A

9    if the sexual act occurred in the special maritime and territorial jurisdiction of the United States;

10    (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age; or

11    (3) production of child pornography (as defined in section 2256(8)).

12    132.    A commercial sex act is any sex act on account of which anything of value is

13    given or received by any person. The term "anything of value" is construed liberally by courts,

14    and the value is subjectively determined according to the party giving or receiving the item.

15    133.    Defendant BUSSEY traveled in foreign commerce, from the United States to

16    Madrid, where he temporarily resided for two weeks.

17    134.    Defendant BUSSEY traveled in foreign commerce, from the United States to

18    Madrid, with the intention of engaging in a commercial sex act. H.B., and his family, had been

19    offered free flights and accommodations to Madrid. BUSSEY also gifted H.B. with trinkets

20    with the intent for him to entice PLAINTIFF to perform sex acts. In doing all of the above,

21    BUSSEY traveled in foreign commerce, and temporarily resided in Madrid, and had provided

22    PLAINTIFF with a benefit for the performance of commercial sex acts.

23    135.    BUSSEY's conduct was an intentional violation of 18 U.S.C. § 1591(a)(1),

24    entitling PLAINTIFF to punitive damages.

COMPLAINT FOR DAMAGES
- 1 –

## SEVENTH CAUSE OF ACTION

### VIOLATION OF STATUTE 18 U.S.C. § 2423(d)

### (PLAINTIFF Against Defendants PHILLIP, CATHY, BUSSEY and DOES 1-100)

136.    Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

137.    An individual who was a child victim of a violation of 18 U.S.C. § 2423 may bring a civil action against their perpetrator under 18 U.S.C. § 2255.

138.    18 U.S.C. § 2423(d) provides that any citizen of the United states or alien admitted for permanent residence who: (1) is an officer, director, employee, or agent of an organization that affects interstate or foreign commerce; (2) makes use of the mails or any means or instrumentality of interstate or foreign commerce through the connection or affiliation of the person with such organization; and (3) commits an act in furtherance of illicit sexual conduct through the connection or affiliation of the person with such organization, will be in violation of the statute.

139.    Defendants PHILLIP, CATHY, BUSSEY, and DOES 1-100 where all officers, directors, employees, and/or agents of L.D.S. CHURCH, an organization that affects interstate or foreign commerce, uses the mail to affect interstate and foreign commerce in their roles within L.D.S. CHURCH. In their roles with L.D.S. CHURCH, Defendants PHILLIP, CATHY, BUSSEY, and DOES 1-100 facilitated and paid for the flight and accommodations of PLAINTIFF and his family, for their trip to Madrid. This act was committed in furtherance of a commercial sex act PLAINTIFF was coerced into performing while in Madrid.

140.    The actions of Defendants PHILLIP, CATHY, BUSSEY and DOES 1-100 amounted to having committed acts in furtherance of illicit sexual conduct through their

COMPLAINT FOR DAMAGES
- 1 –

connection or affiliation with L.D.S. CHURCH, an organization that affects interstate or foreign commerce.

141.    The conduct of PHILLIP, CATHY, BUSSEY, and DOES 1-100 was an intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to punitive damages.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF STATUTE 18 U.S.C. § 2423(e)**

**(PLAINTIFF Against L.D.S. CHURCH, PHILLIP, CATHY and DOES 1-100)**

142.    Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

143.    An individual who was a child victim of a violation of 18 U.S.C. § 2423 may bring a civil action against their perpetrator under 18 U.S.C. § 2255.

144.    18 U.S.C. § 2423(e) provides that whoever, for the purpose of commercial advantage or private financial gain, arranges, induces, procures, or facilitates the travel of a person knowing such person is traveling in interstate commerce or foreign commerce with intent to engage in any illicit sexual conduct shall be in violation of the statute.

145.    18 U.S.C. § 2423(h) defines intent as any intention to engage in prostitution, sexually activity for which any person can be charged with a criminal offense, or illicit sexual conduct, as applicable at the time of the transportation or travel.

146.    18 U.S.C. § 2423(g) defines illicit sexual conduct as (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age; or (3) production of child pornography (as defined in section 2256(8)).

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

147.    Defendants L.D.S. CHURCH, PHILLIP, CATHY, and DOES 1-100, for the purposes of commercial advantage or private financial gain, DOES 1-100 working both for their individual interests and as agents acting on behalf of the L.D.S. CHURCH, arranged, procured, and facilitated the travel of BUSSEY, along with PLAINTIFF H.B. and his family, knowing that BUSSEY was traveling with the intent to engage in illicit sexual conduct.

148.    Defendant L.D.S. CHURCH, PHILLIP, CATHY, and DOES 1-100 arranged, procured, and facilitated BUSSEY's travel to Madrid. In fact, L.D.S. CHURCH paid for BUSSEY's flight. Furthermore, the property where BUSSEY resided on the trip was a L.D.S. CHURCH owned property. Defendants L.D.S. CHURCH, PHILLIP, CATHY, and DOES 1-100 did so knowing BUSSEY's history of minor sexual abuse and his intent.

149.    Defendants PHILLIP and CATHY were in Madrid in their positions of Mission Presidents. L.D.S. CHURCH, PHILLIP, CATHY, and DOES 1-100 were benefitting financially from PHILLIP and CATHY's labor. Defendants L.D.S. CHURCH, PHILLIP, CATHY, and DOES 1-100 facilitated BUSSEY's travel to Madrid so that they could continue to benefit financially from PHILLIP and CATHY's labor, by bringing BUSSEY, PLAINTIFF and his family, to them in Madrid they could ensure that PHILLIP and CATHY remained in Madrid and continued to work.

150.    Defendants L.D.S. CHURCH, PHILLIP, CATHY and DOES 1-100's actions amounted to having, for the purpose of commercial advantage or private financial gain, arranging, procuring, and facilitating the travel of BUSSEY, knowing that he was traveling in foreign commerce with intent to engage in illicit sexual conduct.

151.    The conduct of L.D.S. CHURCH, PHILLIP, CATHY, and DOES 1-100 was an intentional violation of 18 U.S.C. § 1591(a)(1), entitling PLAINTIFF to punitive damages.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

## NINTH CAUSE OF ACTION

### NEGLIGENCE

**(PLAINTIFF Against All DEFENDANTS and DOES 1-100)**

152.    PLAINTIFF re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

153.    Defendants are persons or entities who owed a duty of care to PLAINTIFF or had a duty to control the conduct of the perpetrator, BUSSEY, by way of the special relationship existing between those individuals.

154.    Defendants knew or should have known of PERPERATOR's misconduct and inappropriate sexual behavior towards other children and towards PLAINTIFF.

155.    Despite having knowledge of the misconduct, Defendants and DOES 1-100 failed to take adequate preventative action to control the conduct, failed to warn, report, and/or confront PLAINTIFF regarding the abuse, despite having a legal duty to do so.

156.    As a result of the negligence of Defendants and DOES 1-100, PLAINTIFF was sexually abused by PERPETRATOR.

157.    Had Defendants fulfilled the duties and responsibilities owed to PLAINTIFF on the special relationship Defendants had with minor PLAINTIFF, he would not have been subject to most of the misconduct against him.

158.    As a direct and legal result of this conduct, PLAINTIFF suffered severe and permanent injuries, including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earning capacity, and other damages, in an amount not yet ascertained, but which exceeds the minimum jurisdiction limits of this Court.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

## TENTH CAUSE OF ACTION

### SEXUAL ASSAULT OF A MINOR

### (PLAINTIFF Against BUSSEY)

159.    PLAINTIFF re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

160.    In 2014, BUSSEY sexually abused and assaulted PLAINTIFF, who was six months old at the time.

161.    In 2019, BUSSEY sexually abused and assaulted PLAINTIFF, while they were in Madrid.

162.    In 2020, BUSSEY further sexually assaulted and abused PLAINTIFF.

163.    In 2023, BUSSEY again sexually assaulted and abused PLAINTIFF.

164.    As a legal result of the foregoing, PLAINTIFF was injured in health, strength and activity, sustaining bodily injuries and shock and injury to his nervous system and person, all of which caused and continues to cause PLAINTIFF great mental, physical and nervous pain and suffering.

165.    As a further result of the wrongful acts of PERPETRATOR, PLAINTIFF has incurred economic damages, including medical care and treatment costs.

166.    PLAINTIFF has thereby sustained damages in an amount in excess of the minimum jurisdictional limits of this Court.

167.    BUSSEY's conduct was wonton, malicious, willful and/or cruel, entitling PLAINTIFF to punitive damages.

## ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF against All DEFENDANTS and DOES 1-100)

COMPLAINT FOR DAMAGES
- 1 –

ROGERS & COVER, PLLC
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

168.    PLAINTIFF re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

169.    Acting with knowledge of their superior position and special relationship with PLAINTIFF and realizing PLAINTIFF's special susceptibility to emotional distress due to his age, inexperience, and vulnerability, PHILLIP, CATHY and DOES 1-100, proceeded to use their positions of authority within L.D.S. CHURCH to coerce PLAINTIFF's father into allowing BUSSEY into his home, so that he could force PLAINTIFF into engage in unlawful sex acts. PERPETRATOR used force and threat of violence against PLAINTIFF to force him to engage in unlawful sex acts.

170.    PHILLIP, CATHY, and PEREPTRATOR's acts were intentional, willful, oppressive, and maliciously done for the purpose of causing PLAINTIFF to suffer emotional harm, mental anguish, and emotional distress or with reckless disregard for the likelihood that he would cause PLAINTIFF such distress.

171.    Furthermore, when BUSSEY himself did report his history of abuse within L.D.S. CHURCH to Bishop LYMAN, LYMAN did nothing and proceeded to use his authority within L.D.S. CHURCH to ordain BUSSEY, regardless.

172.    LYMAN, acting as an agent on behalf of L.D.S. CHURCH, when he received notice of BUSSEY's history of sexual abuse, intentionally and maliciously decided to hide his abuse, and ordain BUSSEY anyways, giving him more authority, leadership, and unfettered access to children, including PLAINTIFF, intentionally causing PLAINTIFF to suffer emotional harm, humiliation, mental anguish, and emotional distress, or with reckless disregard for the likelihood that it would cause PLAINTIFF such distress.

173.    As a direct and legal result of CATHY, PHILLIP, LYMAN and PERPETRATOR's actions and misconduct, PLAINTINFF has been damaged, emotionally and

physically, and otherwise, all to PLAINTIFF's special and general damages, in amounts not yet ascertained, but which exceeds the minimum jurisdiction of this Court.

174.  The conduct of L.D.S. CHURCH, LYMAN, PHILLIP, CATHY, BUSSEY, and DOES 1-100 was wonton, malicious, willful and/or cruel, entitling PLAINTIFF to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, H.B., prays for judgment against Defendants PERPETRATOR BUSSEY, L.D.S. CHURCH, its employees and/or agents, PHILLIP, CATHY, LYMAN, and DOES 1-100, and each of them as follows:

1. As to Cause of Action 1 and all DEFENDANTS and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

   a.  Past and future medical and care expenses of PLAINTIFF;

   b.  Other economic loss;

   c.  Non-economic loss according to proof:

      i.  Compensation for physical pain and discomfort;

      ii.  Compensation for flight, nervousness, anxiety, worry, and apprehension;

   d.  Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

   e.  Reasonable costs to the PLAINTIFF as provided by law;

   f.  Attorney's fees pursuant to 18 § 1595(a);

2. As to Cause of Action 2 and all DEFENDANTS and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

   a.  Past and future medical and care expenses of PLAINTIFF;

   b.  Other economic loss;

   c.  Non-economic loss according to proof:

      i.  Compensation for physical pain and discomfort;

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

ii. Compensation for flight, nervousness, anxiety, worry, and apprehension;

d. Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

e. Reasonable costs to the PLAINTIFF as provided by law;

f. Attorney's fees pursuant to 18 § 2255;

3. As to Cause of Action 3 and all DEFENDANTS and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

a. Past and future medical and care expenses of PLAINTIFF;

b. Other economic loss;

c. Non-economic loss according to proof:

i. Compensation for physical pain and discomfort;

ii. Compensation for flight, nervousness, anxiety, worry, and apprehension;

d. Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

e. Reasonable costs to the PLAINTIFF as provided by law;

f. Attorney's fees pursuant to 18 § 2255;

4. As to Cause of Action 4 and all DEFENDANTS and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

a. Past and future medical and care expenses of PLAINTIFF;

b. Other economic loss;

c. Non-economic loss according to proof:

i. Compensation for physical pain and discomfort;

ii. Compensation for flight, nervousness, anxiety, worry, and apprehension;

d. Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

e. Reasonable costs to the PLAINTIFF as provided by law;

f. Attorney's fees pursuant to 18 § 2255;

COMPLAINT FOR DAMAGES
- 1 –

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

5. As to Cause of Action 5 and PAYDAN BUSSEY, damages to the PLAINTIFF according to proof as applicable:

    a. Past and future medical and care expenses of PLAINTIFF;

    b. Other economic loss;

    c. Non-economic loss according to proof:

        i. Compensation for physical pain and discomfort;

        ii. Compensation for flight, nervousness, anxiety, worry, and apprehension;

    d. Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

    e. Reasonable costs to the PLAINTIFF as provided by law;

    f. Attorney's fees pursuant to 18 § 2255;

6. As to Cause of Action 6 and PAYDAN BUSSEY, damages to the PLAINTIFF according to proof as applicable:

    a. Past and future medical and care expenses of PLAINTIFF;

    b. Other economic loss;

    c. Non-economic loss according to proof:

        i. Compensation for physical pain and discomfort;

        ii. Compensation for flight, nervousness, anxiety, worry, and apprehension;

    d. Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

    e. Reasonable costs to the PLAINTIFF as provided by law;

    f. Attorney's fees pursuant to 18 § 2255;

7. As to Cause of Action 7 and to all PHILLIP BUSSEY, CATHY BUSSEY, PAYDAN BUSSEY, and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

    a. Past and future medical and care expenses of PLAINTIFF;

    b. Other economic loss;

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone*  (206) 223-8224 *Fax*

c.  Non-economic loss according to proof:

    i.  Compensation for physical pain and discomfort;

    ii.  Compensation for flight, nervousness, anxiety, worry, and apprehension;

d.  Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

e.  Reasonable costs to the PLAINTIFF as provided by law;

f.  Attorney's fees pursuant to 18 § 2255;

8.  As to Cause of Action 8 and all L.D.S. CHURCH, PHILLIP BUSSEY, CATHY BUSSEY, and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

a.  Past and future medical and care expenses of PLAINTIFF;

b.  Other economic loss;

c.  Non-economic loss according to proof:

    i.  Compensation for physical pain and discomfort;

    ii.  Compensation for flight, nervousness, anxiety, worry, and apprehension;

d.  Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

e.  Reasonable costs to the PLAINTIFF as provided by law;

f.  Attorney's fees pursuant to 18 § 2255;

9.  As to Cause of Action 9 and all DEFENDANTS and DOES 1-100, damages to the PLAINTIFF according to proof as applicable:

a.  Past and future medical and care expenses of PLAINTIFF;

b.  Other economic loss;

c.  Non-economic loss according to proof:

    i.  Compensation for physical pain and discomfort;

    ii.  Compensation for flight, nervousness, anxiety, worry, and apprehension;

COMPLAINT FOR DAMAGES
- 1 –

     d.   Pre-judgment and post-judgment interest to the PLAINTIFF according to proof;

     e.   Reasonable costs to the PLAINTIFF as provided by law;

     f.   Attorney's fees pursuant to 18 § 2255;

10. As to Count 10 for an award of special (economic) and general (non-economic) damages according to proof.

11. As to Count 11 for an award of special (economic) and general (non-economic) damages according to proof.

12. As to Count 1 and all DEFENDANTS and DOES 1-100, by virtue of knowing and intentional violations of 18 U.S.C. § 1591(a)(1), 1595, awarding PLAINTIFF punitive damages.

13. As to Count 2 and all DEFENDANTS and DOES 1-100, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2421, awarding PLAINTIFF punitive damages.

14. As to Count 3 and all DEFENDANTS and DOES 1-100, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2422, awarding PLAINTIFF punitive damages.

15. As to Count 4 and all DEFENDANTS and DOES 1-100, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2423(a), awarding PLAINTIFF punitive damages.

16. As to Count 5 and BUSSEY, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2423(b), awarding PLAINTIFF punitive damages.

17. As to Count 6 and BUSSEY, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2423(c), awarding PLAINTIFF punitive damages.

18. As to Count 7 and PHILLIP BUSSEY, CATHY BUSSEY, PAYDAN BUSSEY, and DOES 1-100, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2423(d), awarding PLAINTIFF punitive damages.

**ROGERS & COVER, PLLC**
705 Second Avenue, Ste. 1500
Seattle, WA 98104
(206) 621-8525 *Phone* (206) 223-8224 *Fax*

19. As to Count 8 and L.D.S. CHURCH, PHILLIP BUSSEY, CATHY BUSSEY, and DOES 1-100, by virtue of knowing and intentional violations of 18 U.S.C. §§ 2255(a) and 2423(e), awarding PLAINTIFF punitive damages.

20. As to Count 9 and all DEFENDANTS and DOES 1-100, by virtue of wanton, malicious, willful, and/or cruel conduct, awarding PLAINTIFF punitive damages.

21. As to Count 11 and all DEFENDANTS, and DOES 1-100, by virtue of wanton, malicious, willful, and/or cruel conduct, awarding PLAINTIFF punitive damages.

DATED: January 30, 2025

ROGERS & COVER, PLLC

*/s/ James S. Rogers*
James S. Rogers, WSBA #5335

*/s/ Heather M. Cover*
Heather Cover, WSBA #52146

Attorneys for Plaintiff

705 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 621-8525
E-mail: jsr@jsrogerslaw.com
E-mail: heather@jsrogerslaw.com