THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON BUSSEY and HEIDI BUSSEY, individually and as guardians of minor, H.B., <br><br> Plaintiffs, <br><br> v. <br><br> THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, PAYDAN BUSSEY, THAYNE LYMAN, PHILIP BUSSEY, CATHY BUSSEY, and DOES 1-100, INCLUSIVE, <br><br> Defendants. | CASE NO. 2:25-cv-00197-TSZ <br><br> DECLARATION OF THAYNE LYMAN IN SUPPORT OF DEFENDANT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO TRANSFER VENUE |

I, Thayne Lyman, declare and state as follows:

1.      I am one of the defendants in this matter. I make this declaration based on my personal knowledge. The information contained in this declaration is true and correct to the best of my knowledge, and I am of majority age and competent to testify about the matters set forth herein.

2.      I am a named defendant in this action, although the only allegation against me is that I had an interview with Defendant Paydan Bussey in Washington on one occasion.

DECL. OF THAYNE LYMAN ISO DEFENDANT
THE CHURCH'S MOTION TO TRANSFER (NO.
2:25-CV-00197-TSZ)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

3.      I am not a resident of Washington now or at "all relevant times" as alleged in the Second Amended Complaint.  I moved from Washington to Arizona, where I now live, in October 2016.

4.      I have not been a resident of Washington State since I left in October 2016.

5.      Washington is not a convenient forum for me to participate as a named defendant in this case.  Nor is it a forum state where I was involved in any actionable conduct, as far as I know.

6.      I favor venue in Utah given all of the facts and circumstances.  If the Court grants The Church's Motion to Transfer Venue, I readily will consent to personal jurisdiction in Utah and will otherwise make myself available for pretrial activities and discovery, and I will attend trial in person.

7.      My understanding of the facts from reading the Second Amended Complaint is that the abuse that Paydan allegedly inflicted on H.B. occurred primarily and predominantly in Utah and, secondarily, in Madrid, Spain.

8.      My recollection of the facts concerning Defendant Paydan Bussey's whereabouts is the following.

- In mid-November 2013, I corresponded with Paydan's mother Cathy Bussey.  She advised of her "travel visits" to see Paydan, which I understood to mean that he was living outside of Washington State, probably in Utah where he was undergoing therapy. The information Paydan had provided to me previously was understated given the facts surrounding his prescribed therapy in Utah and the conduct that had resulted in the need for therapy.

- In early June 2014, Cathy informed me that they were preparing for the time when Paydan would be released and that was expected to be in late November or December

DECL. OF THAYNE LYMAN ISO DEFENDANT
THE CHURCH'S MOTION TO TRANSFER (NO.
2:25-CV-00197-TSZ) – 2

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2014, which I understood to mean that he was still in Utah.  In September 2014, Cathy indicated that Paydan was still away from home undergoing therapy in Utah.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

SIGNED this _____ day of September, 2025, at _____, Arizona.

Mesa

September 9, 2025

DocuSigned by:

Thayne Lyman

_____
THAYNE LYMAN

DECL. OF THAYNE LYMAN ISO DEFENDANT
THE CHURCH'S MOTION TO TRANSFER (NO.
2:25-CV-00197-TSZ) – 3

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

183653403